<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN MITNICK, ASSIGNEE FOR THE BENEFIT OF CREDITORS OF PRO-FRUIT MARKETING, INC.,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**FRUITFORT AGRICOLA EXPORTAÇAO,**<br><br>　　　　　　　　　　**Defendant.** | Civil Action No. 13-2151 (CCC)<br><br><br><u>REPORT & RECOMMENDATION</u> |

<u>**FALK**</u>**, U.S.M.J.**

　　　Before the Court is Plaintiff's motion to strike Defendant's Answer and Counterclaim and for Entry of Default, <u>see</u> CM/ECF. No. 27;

　　　and it appearing that this is a breach of contract case commenced in state court and removed on April 4, 2013;

　　　and it appearing that Plaintiff served interrogatories upon the Defendant in accordance with the June 11, 2013 Pretrial Scheduling Order;

　　　and it appearing that Defendant failed to provide answers to Plaintiff's discovery demands;

　　　and it appearing that on October 24, 2013, Counsel for Defendant filed a motion to be relieved, citing Defendant's failure to cooperate in providing discovery and to defend the case as a basis for the withdrawal, <u>see</u> CM/ECF No. 19;

　　　and it appearing that despite Defendant having received a warning from the Court that its answer and counterclaim may be stricken and default entered if it failed to appear at the hearing on the motion, Defendant did not oppose the motion or attend the hearing;

　　　and it appearing that the Court granted Counsel's motion to withdraw on November 19,

2013, upon a finding that Defendant had not remained in contact with Counsel, had failed to oppose the motion or attend the hearing, and had abandoned its case, see CM/ECF No. 24;

and it appearing that Plaintiff filed this motion in accordance with the Court's November 19, 2013 Order;

and it appearing that Defendant has not opposed the instant motion;

and it appearing that Defendant has not been in contact with Plaintiff or the Court and new counsel has not entered an appearance on its behalf, see Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966)(corporations cannot represent themselves *pro se)*;

and it appearing that this case has been pending for nearly a year and Defendant has failed to provide responses to Plaintiff's discovery;

and the Court having determined that Defendant has completely abandoned this case and has made an adjudication of this matter impossible;

and the Court having concluded that Defendant's failure to defend this case warrants the imposition of sanctions, see Fed.R.Civ.P. 37(b)(2);

and the Court having concluded that Defendant's history of non-responsive behavior suggests that the imposition of a sanction other than the striking of Defendant's pleading and entry of default would be futile, see Poulis v. State Farm & Casualty Co., 747 F. 2d 863, 868 (3d Cir. 1984);

**It is on this 18th day of March 2014,**

Respectfully recommended that Plaintiff's motion be granted and Defendant's Answer and Counterclaim be stricken and default entered. If this Report and Recommendation is adopted, Plaintiff should be prepared to move for default judgment on short notice.

Plaintiff shall serve a copy of this Report and Recommendation upon Defendant within **3** days of its receipt.

    **s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**

2